## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Geraci, | Civ. No. 21-0664 (JRT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ned Wohlman, | |
| Respondent. | |

BECKY R. THORSON, United States Magistrate Judge

This action comes before the Court on Petitioner Michael Geraci's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (Doc. No. 1 ("Petition")); (2) Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2 ("IFP Application")); and (3) Emergency Motion to Expedite Proceedings, (Doc. No. 4 ("Emergency Motion")). For the following reasons, this Court recommends denying the Petition, dismissing this action with prejudice, and denying the IFP Application and Emergency Motion as moot.

In June 2009, Minnesota authorities charged Geraci (then known as Michael Garfield Blake-Potter) with one count of aggravated robbery, in violation of Minn. Stat. § 609.245, subd. 1, and one count of second-degree assault, in violation of Minn. Stat. § 609.222, subd. 1. *See* Register of Actions, *State v. Blake-Potter*, No. 62-CR-09-10886

(Minn. Dist. Ct.) ("State-Court Docket").[1] After an August 2009 trial, a jury convicted Blake-Potter on the assault count. *See id.* In October 2009, a Minnesota state court sentenced Blake-Potter to 33 months imprisonment. *See id.* Blake-Potter appealed his conviction, but the Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied a petition for further review. *See State v. Blake-Potter*, No. A09-2357, 2011 WL 134932, at *1 (Minn. Ct. App. Jan. 18, 2011); *State v. Blake-Potter*, No. A09-2357, 2011 Minn. LEXIS 173, at * 1 (Minn. Mar. 29, 2011). Blake-Potter apparently served his sentence, then was released.

In a separate federal criminal case in September 2012, Geraci pleaded guilty to one count of possessing an unregistered firearm in violation of 28 U.S.C. §§ 5841, 5861(d), and 5871. (*See* Court Minutes, *United States v. Geraci*, No. 12-CR-0134(1) (DSD/JJG) (D. Minn. Sept. 6, 2012).) In February 2013, Judge David S. Doty sentenced Geraci to 120 months imprisonment, to be followed by a supervised-release term of 3 years. (*See* J. in a Criminal Case 2–3, *United States v. Geraci*, No. 12-CR-0134(1) (DSD/JJG) (D. Minn. Sept. Feb. 5, 2013).) As part of the sentencing, the Court concluded that Geraci qualified as a "career offender" based in part on his 2009 assault conviction. (*See* Tr. 12–13, *United States v. Geraci*, No. 12-CR-0134(1) (DSD/JJG) (D. Minn. Sept. Feb. 5, 2013.)) *Cf.* U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing

---

[1]   The State-Court Docket, as well as other documents from Geraci's criminal matters, were not provided to the Court. They are publicly accessible online, and this Court may take judicial notice of such public court records. *See, e.g.*, *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *4 (D. Minn. Feb. 11, 2021), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021).

Comm'n 2012) (defining "career offender"). Geraci is presently imprisoned at the Renville County Jail, serving his sentence for the firearm-possession count. (*See* Pet. 1, 15.)

The Petition does not collaterally attack Geraci's firearm-possession conviction. (*See id.* at 1.) Instead, it attacks Geraci's 2009 assault conviction. (*Id.*) Geraci's view is that this Court should "vacate and expunge" the 2009 conviction, and presumably should then recalculate the sentence he ought to serve for firearm possession. (*See id.* at 15–16.)

Geraci brings the Petition under 28 U.S.C. § 2254. (*See id.* at 1.) In *Lackawanna County District Attorney v. Coss*, the U.S. Supreme Court specifically addressed "whether § 2254 provides a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired." 523 U.S. 394, 401 (2001). The Court held it did not: "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403. (*See also, e.g.*, *Lang v. Dep't of Corr.*, No. 15-CV-1508 (DWF/BRT), 2015 WL 10007626, at *6 (D. Minn. Nov. 13, 2015) (quoting *Coss*), *report and recommendation adopted*, 2016 WL 471333 (D. Minn. Feb. 5, 2016).)[2] Consequently, Geraci cannot use § 2254 to

---

[2] An exception was carved out to this rule where "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright.*" *Coss*, 523 U.S. at 404; *see also, e.g.*, *Lang*, 2015 WL 10007626, at *6 (quoting *Coss*). But Geraci had the benefit of counsel when dealing with his 2009 assault conviction. (*See, e.g.*, Pet. 6

3

challenge the 2009 assault conviction based on any enhancement role it had at his 2013 sentencing. This Court therefore recommends denying the Petition—and because there is no plausible way that Geraci can remedy this problem, this Court recommends dismissing this action with prejudice. Because the Court recommends the Petition's dismissal, the Court also recommends denying as moot the IFP Application and the Emergency Motion.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Geraci must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that it is unlikely that any other court, including the Eighth Circuit, would reach a conclusion contrary to that reached above. Accordingly, this Court recommends that no COA be issued in this matter.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner Michael Geraci's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (**Doc. No. 1**), be **DENIED** and this action

---

(indicating Geraci had counsel at trial and appellate level for relevant proceedings).) No *Gideon* violation occurred, so Geraci cannot rely on this exception to the *Coss* rule.

be **DISMISSED WITH PREJUDICE**;

    2.    Geraci's Application to Proceed in District Court Without Prepaying Fees or Costs, (**Doc. No. 2**), and Emergency Motion to Expedite Proceedings, (**Doc. No. 4**), be **DENIED** as moot; and

    3.    No certificate of appealability be issued.

Dated: April 5, 2021                            *s/ Becky R. Thorson*
                                                    BECKY R. THORSON
                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).