# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

MICHAEL GERACI,

                Petitioner,

v.

NED WOHLMAN,

                Respondent.

Civil No. 21-664 (JRT/BRT)

**MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING REPORT & RECOMMENDATION, AND DENYING PETITION WITH PREJUDICE**

---

Michael Geraci, 1911 Johnson Street, Minneapolis, Minnesota 55481 *pro se* petitioner.

Jeffrey Wald, 345 Wabasha Street North, Saint Paul, MN 55102; and Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondent.

On March 8, 2021, Michael Geraci filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Docket No. 1). Geraci's Petition challenges a 2009 second-degree assault conviction in Minnesota state court. (Petition at 1.) Geraci was convicted by a jury and sentenced to 33 months imprisonment. (*Id.*) He served the sentence and was released. Geraci now petitions the Court under § 2254 to vacate and expunge the 2009 assault conviction, (*id.* at 16), which the federal sentencing court relied on to establish career-offender status and enhance Geraci's sentence for a federal crime in February 2013, (*id.* at 15.)

The same day he filed the Petition, Geraci also submitted an application to proceed in district court without prepaying fees or costs ("IFP application"), (Docket No. 2), and an emergency motion to expedite proceedings, (Docket No. 3.)

The Magistrate Judge issued a Report and Recommendation ("R&R") on April 5, 2021, (Docket No. 13), recommending that Geraci's Petition be denied because the 2009 assault conviction can no longer be collaterally attacked in its own right and therefore cannot be challenged insofar as it led to an enhanced sentence for Geraci's later federal crime, (R&R at 3–4.) The R&R further recommends dismissing the action with prejudice because Geraci cannot remedy the defects, denying the IFP application, and declining to issue a certificate of appealability. (*Id.* at 4–5.)

Geraci filed objections to the R&R on April 15, 2021. (Docket No. 14.) According to Bureau of Prisons ("BOP") records, Geraci was released from imprisonment the next day, on April 16, 2021, and commenced supervised release.[1] (*See* ECF No. 12-cr-134, Sentencing J., Docket No. 53.)

## DISCUSSION

**I.   STANDARD OF REVIEW**

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P.

---

[1] *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 2, 2021).

72(b)(2); *accord* D. Minn. L.R. 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3).

II.  **ANALYSIS**

The Supreme Court has held that, even where a prior conviction serves as a basis for a later sentencing enhancement, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403–04 (2001). An exception to this rule exists if a prior conviction used to enhance a sentence was obtained without the defendant having counsel, in violation of *Gideon v. Wainwright*. *Id.* at 404 (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)). Since Geraci had counsel when he was convicted of the 2009 assault and has completed his sentence for that conviction, the Magistrate Judge found that there is no plausible way for Geraci to use § 2254 to challenge the 2009 conviction or its enhancing effect on his present sentence, and therefore recommended dismissing the petition with prejudice.

Geraci objects to the R&R on the basis that his counsel for the 2009 assault was ineffective. Yet the exception to the rule set forth in *Coss* is only triggered if there has

-3-

been a failure to appoint counsel in violation of *Gideon*. *Id.* at 403. The exception does not encompass claims for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). As such, the Court finds that Geraci cannot state a claim for relief under § 2254 related to his 2009 state court assault conviction. The Court will therefore overrule his objections and adopt the R&R.

A final, adverse ruling on a § 2254 petition cannot be appealed unless "a circuit justice or judge issues a certificate of appealability," which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make a substantial showing, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). Upon de novo review of the record, the Court finds that the issue presented is not debatable among jurists of reason and that it is unlikely a court would resolve it in a different matter, and therefore declines to issue a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Geraci's Objection to the R&R [Docket No. 14] is **OVERRULED;**

2. The Magistrate Judge's R&R [Docket No. 13] is **ADOPTED**;

3. Geraci's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED with prejudice;**

4. Geraci's IFP Application [Docket No. 2] is **DENIED as moot**;

5. Geraci's Motion Regarding Bias or Prejudice of Judge [Docket No. 10] is **DENIED as moot;**

6. Smith's Emergency Motion to Expedite Proceedings [Docket No. 4] is **DENIED as moot;** and

7. The Court does not certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Geraci's Petition.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 30, 2021  
at Minneapolis, Minnesota.  
_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court